Brown-Wilks v Vornado Realty Trust (2020 NY Slip Op 02914)





Brown-Wilks v Vornado Realty Trust


2020 NY Slip Op 02914


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-04566 
2017-06345
 (Index No. 30299/09)

[*1]Paulette Brown-Wilks, respondent, et al., plaintiff,
v
Vornado Realty Trust, et al., appellants.


Chasan Lamparello Mallon & Cappuzzo, P.C., New York, NY (Mitchell L. Pascual of counsel), for appellants Vornado Realty Trust, Green Acres Mall, LLC, and USI Services Group, Inc.
Kennedys CMK, New York, NY (Richard L. Furman of counsel), for appellant Johnson Controls, Inc.
Roach Bernard, PLLC, Valley Stream, NY (Seidia R. Bernard of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Johnson Controls, Inc., appeals from (1) an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered March 23, 2017, and (2) an amended order of the same court entered May 1, 2017, and the defendants USI Services Group, Inc., Vornado Realty Trust, and Green Acres Mall, LLC, separately appeal from the amended order. The order granted that branch of the motion of "the plaintiff" which was, in effect, to enforce a settlement agreement to the extent of awarding damages in favor of "the plaintiff" and against all defendants. The amended order granted that branch of the motion of the "[p]laintiff Paulette Brown-Wilks" which was, in effect, to enforce a settlement agreement to the extent of awarding damages in favor of her and against all defendants.
ORDERED that the appeal from the order is dismissed, as the order was superseded by the amended order; and it is further,
ORDERED that the appeal by the defendants Vornado Realty Trust, Green Acres Mall, LLC, and USI Services Group, Inc., is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the amended order is reversed insofar as appealed from by the defendant Johnson Controls, Inc., and that branch of the motion of the plaintiff Paulette Brown-Wilks which was, in effect, to enforce a settlement agreement to the extent of awarding damages in favor of her and against the defendant Johnson Controls, Inc., is denied, and the order entered March 23, 2017, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendant Johnson Controls, Inc.
In this action, inter alia, to recover damages for personal injuries, the plaintiff Paulette Brown-Wilks (hereinafter the plaintiff) moved, inter alia, in effect, to enforce a settlement agreement. The plaintiff's position was that she had not been paid a certain sum of money that was owed to her under a settlement agreement, and that all defendants were liable for payment of that unpaid sum. The defendant Johnson Controls, Inc. (hereinafter JCI), opposed the motion, and the other defendants failed to oppose it. The Supreme Court granted that branch of the motion which was, in effect, to enforce the settlement agreement to the extent of awarding damages in favor of the plaintiff and against all defendants.
Since no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511), we dismiss the appeal by the defendants Vornado Realty Trust, Green Acres Mall, LLC, and USI Services Group, Inc.
We disagree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was, in effect, to enforce the settlement agreement to the extent of awarding damages in favor of the plaintiff and against JCI. A settlement agreement is subject to contract law principles (see Brad H. v City of New York, 17 NY3d 180, 186; Forcelli v Gelco Corp., 109 AD3d 244, 251). Here, the plaintiff's submissions in support of her motion, including a "Post Mediation Agreement" and a "Settlement Agreement," failed to establish that JCI—as opposed to the defendant USI Services Group, Inc.—was obligated to make payments to the plaintiff or was otherwise liable to her under the settlement agreement.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court